UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,          Case No. 15-cv-10040

v                   Honorable Thomas L. Ludington

JAMES C. CORDES and
CROSSING CONSULTING GROUP, LLC,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION, STRIKING RESPONSE TO MOTION FOR RECONSIDERATION, DENYING MOTION FOR LEAVE TO FILE, CANCELLING HEARING, AND DENYING AS MOOT MOTION TO ADJOURN

On January 7, 2015, the United States filed suit against Defendant James Cordes (and, later, against Crossing Consulting Group, LLC), seeking a judgment for his tax liabilities in the amount of $3,245,374.48 plus statutory additions. Because there is currently a parallel proceeding in bankruptcy court addressing several of the same issues present in the instant case, the Court stayed the proceedings pending resolution of certain related issues in the bankruptcy proceeding.

On May 28, 2015, the United States filed a motion for reconsideration of the Court's May 20, 2015 Order. In its motion for reconsideration, the United States request the Court to (1) reconsider its decision to stay the proceedings; (2) appoint a receiver *pendent lite*; and (3) reconsider consolidation of the case. Because the United States has not identified a palpable error in the Court's May 20, 2015 Order, the motion for reconsideration will be denied.

**I.**

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within fourteen days after entry of the judgment or order. E.D. Mich. L.R. 7.1(h)(1). No response to the motion or oral argument shall be allowed unless the court orders otherwise. E.D. Mich. L.R. 7.1(h)(2). Pursuant to Rule 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reason of implication." E.D. Mich. L.R. 7.1(h)(3). In a motion for reconsideration, the movant must demonstrate that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The movant must also show a palpable defect which, if corrected, would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Federal Rule of Civil Procedure 59(e) "are aimed at *re* consideration not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

**II.**

As noted above, the United States makes three requests in its motion for reconsideration: (1) reconsider the decision to stay the proceedings; (2) appoint a receiver *pendent lite*; and (3) reconsider consolidation of the case.

First, the United States requests that the case not be stayed because "if the Court stays the District Court action, it is effectively postponing the suit to collect over $90,000 in recent liabilities that Cordes does not claim were discharged while the parties litigate the dischargeability of older tax liabilities." Mot. Recons. 4. The United States represents that

Defendants agreed with the request to lift the stay to the extent that the alter ego issue could be decided. *Id*. at 10.

The United States has not, however, identified a palpable defect in the Court's May 20, 2015 Order staying the case. Although the parties prefer to have two proceedings occurring simultaneously, mere disagreement with the prior Order is insufficient to warrant reconsideration. Because the United States has not identified a palpable defect in the decision to stay the case, the request to lift the stay will be denied.

Second, the United States requests that a receiver *pendent lite* be appointed to manage the collection of income and the disbursement of business expenses for Crossing Consulting. This issue was not previously addressed or briefed; the United States raised it for the first time in its motion for reconsideration. A motion for reconsideration is not an appropriate method to raise new issues, and therefore this request will be denied.

Lastly, the United States requests that this Court consolidate the two proceedings currently before the Court—*United States v. Cordes* (14-cv-10040) and *In re Cordes* (15-cv-10727): "[T]he United States requests that the Court reconsider whether the relationship between the issues before the District Court and Bankruptcy Court calls for consolidation and thus overrides any interest in having bankruptcy courts determine dischargeability in run-of-the-mill dischargeability cases." Once again, however, the United States has not identified a palpable defect in the prior Order, and disagreement with the prior Order is insufficient to prevail on a motion for reconsideration. Therefore the request will be denied.

### III.

Accordingly, it is **ORDERED** that the United States of America's Motion for Reconsideration (ECF No. 25) is **DENIED**.

It is further **ORDERED** that Defendants' Response to the Motion for Reconsideration (ECF No. 28) is **STRICKEN** pursuant to Eastern District of Michigan Local Rule 7.1(h)(2).

It is further **ORDERED** that the United States of America's Motion for Leave to File (ECF No. 29) is **DENIED**.

It is further **ORDERED** that the July 2, 2015 motion hearing is **CANCELLED**.

It is further **ORDERED** that Defendants' Motion to Adjourn the July 2, 2015 motion hearing is **DENIED AS MOOT**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: July 7, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 7, 2015.

                              s/Karri Sandusky
                              Karri Sandusky, Acting Case Manager